### NAGEL v. GLASBURGER.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

INSURANCE—MUTUAL BENEFIT ASSOCIATIONS.

    A by-law of defendant, that if a member is in arrears when taken sick he shall not be entitled, by paying up such arrearages, to benefits during such sickness, is not waived by the acceptance of arrearages from a member.

Appeal from Monroe county court.

Action by George Nagel against Joseph Glasburger, treasurer, etc. Judgment was given for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*D. C. Feeley*, for appellant. *H. Pierce*, for respondent.

DWIGHT, P. J. The action was, under section 1919 of the Code of Civil Procedure, against the treasurer of an unincorporated association known as the "Brewery Workingman's Assembly No. 1,796," to recover a "sick benefit" of $3 a week for ten weeks, to which the plaintiff claimed to be entitled as a member of the association. Article 9 of the by-laws of the association provides as follows: "Every brother who has been a member of the assembly six months, who has promptly paid all dues, * * * shall, in case of sickness or disability from bodily accident, * * * be entitled to receive the sum of $3 a week for thirteen weeks during such sickness, if declared by sick committee unable to pursue his duties. * * *" "Sec. 5. Provided, also, that, in case a brother is in arrears when taken sick or disabled, he shall not, by paying up his arrearages, be entitled to benefits during such sickness." And section 4 of article 5 provides: "The dues shall be 30 cents each month, payable in advance." It is shown that the plaintiff was in arrears for the month of January, 1889; that he was taken sick in that month; that his fees in arrears were paid on the 16th of that month, when his sickness was reported to the association, and that the sick committee took no action in his case, for the reason that he was in arrears at the time he was taken sick. Judgment of the municipal court in favor of the plaintiff was affirmed in the county court, on the ground that it was a question of fact for the jury whether, by receiving the arrearages of plaintiff's dues on the 16th of January, the association did not "waive the condition of its by-laws." We are not able to see that this view of the case was warranted by the facts. The acceptance of the January dues on the 16th of the month was, no doubt, a waiver of the requirement that they should be paid in advance, and restored the member to his standing in the association, so that, for any future sickness, if he continued to pay his dues in the mean time, he would be entitled to his benefit. But it was no waiver of the express provision of section 5 of article 9, above quoted, to the effect that, if the member is in arrears when taken sick, payment of such arrearages shall not entitle him to benefits during such sickness. The plaintiff must be presumed to have paid his arrearages for January in view of this provision of the by-laws which constituted his contract with the association. We can readily see how such a provision may be important in the management of an association of this character. But for it members might often withhold payment of their dues so long as they continued in good health, and pay only when in condition to claim a benefit.

There could be no waiver of this provision of the contract by accepting payment of arrearages, because this provision expressly declares what the effect of such payment shall be. Both the judgments below should be reversed. Judgment of the county court and of the municipal court of Rochester reversed. All concur.